CAUSE NO. 3:24-CV-00365-LS

| | | |
|---|---|---|
| FORTE HUMAN CAPITAL, INC. and LUIS M. GONZALEZ<br>    Plaintiffs, | §<br>§<br>§<br>§ | IN THE UNITED STATES DISTRICT COURT |
| V. | §<br>§ | FOR THE WESTERN DISTRICT OF TEXAS |
| TODD SHISHIDO, PAUL KOMEIJI, GEORGE GUSMAN III, and NATIVE HAWAIIAN LEGAL DEFENSE & EDUCATION FUND (also known as the HO'OMAKA FOUNDATION)<br>    Defendants. | §<br>§<br>§<br>§<br>§ | <br><br><br><br>EL PASO DIVISION |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

**To:** HAWAII DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS
ATTN: BUSINESS REGISTRATION DIVISION
335 MERCHANT STREET, ROOM 201
HONOLULU, HAWAII 96813

DEPARTMENT OF THE ATTORNEY
ATTN: GENERAL CHARITY REGISTRATION UNIT
425 QUEEN STREET
HONOLULU, HI 96813

***Production*:** **YOU ARE COMMANDED** to produce the documents and electronically stored information (ESI) identified in **SCHEDULE A** in accordance with **SCHEDULE B**.

| Place: | Date and time: |
|---|---|
| Via: (a) Electronic production via secure file transfer to: oscar@ojotax.com, or (b) USB drive delivered to:<br><br>**THE ORNELAS FIRM PLLC**<br>**ATTN: OSCAR JAVIER ORNELAS**<br>**219 E MILLS, UNIT 3**<br>**EL PASO, TEXAS 79940** | Not later than **OCTOBER 31, 2025,** at **12:00 pm** (Noon), Hawaii local time. |

**Objections:** Written objections must be served before the earlier of the compliance date or 14 days after service of this subpoena. Objections must be specific and not boilerplate.

**Cost-Shifting:** If compliance imposes undue burden or expense, you may seek cost-shifting under Rule 45(d)(2)(B)(ii).

**Your Rights:** The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| **DUTY TO PRESERVE** |
|---|
| You must preserve all potentially responsive documents and ESI immediately upon receipt of this subpoena, even if you object. |

**Date:** October 1, 2025

*[signature]*

**ATTORNEY'S SIGNATURE**

The name, address, e-mail, and telephone number of the attorney representing **FORTE HUMAN CAPITAL, INC.** and **LUIS M. GONZALEZ**, who issues or requests this subpoena, are:

The Ornelas Firm Pllc
Oscar Javier Ornelas
219 E Mills, Unit 3
El Paso, Texas 79940
Tel: 915-440-0044
Email: oscar@ojotax.com

### CERTIFICATION OF PRIOR NOTICE TO PARTIES

I hereby certify that pursuant to Fed. R. Civ. P. 45(a)(4), notice and a complete copy of this subpoena (including all schedules and attachments) was served on all parties on October 1, 2025 as follows

| | |
|---|---|
| Rachel C. Moreno<br>Texas Bar No. 24078321<br>Kemp Smith LLP<br>PO Box 2800<br>El Paso, TX 79999<br>Tel. 915-533-4424<br>Fax. 915-546-5360<br>Rachel.Moreno@kempsmith.com<br>Attorney(s) for Defendant(s) | __X__ E-file via Court's electronic service system<br>_____ Electronic mail<br>_____ Facsimile<br>_____ Certified/Priority Mail w/ tracking no:<br>_____ Hand Delivery/Courier (receipt attached). |
| James Brewer<br>Texas Bar No. 02965200<br>Kemp Smith LLP<br>PO Box 2800<br>El Paso, TX 79999<br>Tel. 915-533-4424<br>Fax. 915-546-5360<br>James.Brewer@kempsmith.com<br>Attorney(s) for Defendant(s) | __X__ E-file via Court's electronic service system<br>_____ Electronic mail<br>_____ Facsimile<br>_____ Certified/Priority Mail w/ tracking no:<br>_____ Hand Delivery/Courier (receipt attached). |

/s/ *Oscar Javier Ornelas*
**OSCAR JAVIER ORNELAS**
219 E Mills, Unit 3
El Paso, TX 79940
Tel. (915) 440-0044
oscar@ojotax.com
Attorney for Plaintiffs

**CAUSE NO. 3:24-CV-00365-LS**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**ATTACHMENT A - RULE 45(d) - PROTECTING A PERSON SUBJECT TO A SUBPOENA**

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c) ;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B) , the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**ATTACHMENT B - RULE 45(e) - DUTIES IN RESPONDING TO A SUBPOENA**

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C) . The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## SCHEDULE A - DOCUMENTS TO BE PRODUCED

**TIME PERIOD:** January 1, 2010 through present (to capture entity formations and history)

### PART I - DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS RECORDS

**1. CORPORATE REGISTRATION FILES** Complete entity files including all filings for:

**Native Hawaiian Organizations:** (a) Native Hawaiian Legal Defense & Education Fund (b) Ho'omaka Foundation (if separate entity)

**Limited Liability Companies:** (c) Kako'o Services LLC (d) Kukulu LLC (e) Kili LLC (f) Akahi Associates LLC (g) Cornerstone Services & Solutions LLC (h) Kaula AE LLC (i) Kuhana Associates LLC (j) Kahua Services LLC

**2. DOCUMENTS TO INCLUDE:** (a) Articles of Organization/Incorporation (original and amendments) (b) Annual reports (all years) (c) Certificates of Good Standing issued (d) Registered agent designations and changes (e) Trade name/DBA registrations (f) Statements of Information (g) Officer/Director/Manager listings (h) Merger or conversion documents (i) Dissolution/withdrawal documents if any (j) Any administrative actions or compliance notices

**3. BUSINESS ADDRESS HISTORY** For each entity, all reported: (a) Principal office addresses (b) Mailing addresses (note Indiana address for Fund) (c) Registered agent addresses

**4. OWNERSHIP INFORMATION** If maintained: (a) Member/Manager listings for LLCs (b) Board of Directors for nonprofit (c) Any ownership change filings

### PART II - ATTORNEY GENERAL CHARITY REGISTRATION

**5. CHARITABLE ORGANIZATION RECORDS** For Native Hawaiian Legal Defense & Education Fund: (a) Initial charity registration (if any) (b) Annual charity reports filed (c) IRS determination letter submitted (d) Financial reports submitted (e) Description of charitable activities (f) List of directors/officers provided (g) Any enforcement actions or notices (h) Correspondence regarding registration status (i) Any "exempt" status claims and basis

**6. SOLICITATION PERMITS** Any applications or permits for charitable solicitation

### PART III - PROFESSIONAL LICENSING

**7. ATTORNEY REGISTRATION** For George Gusman III: (a) Hawaii Bar admission records (b) Current status and any disciplinary history (c) Business address on file (d) IOLTA compliance

### PART IV - TAX REGISTRATION (if not privileged)

**8. STATE TAX REGISTRATION** For all entities listed: (a) General Excise Tax license numbers (b) Hawaii Tax ID numbers (c) Registration status (active/inactive) (d) Any tax liens or compliance issues (public records)

### PART V - GOVERNMENT CONTRACTS

**9. STATE PROCUREMENT RECORDS** Any contracts between State of Hawaii and listed entities: (a) Vendor registration (b) Contracts awarded (c) Vendor compliance status

**SCHEDULE B - PRODUCTION INSTRUCTIONS**

**1. PUBLICLY AVAILABLE RECORDS** Most requested documents are public records under Hawaii Uniform Information Practices Act (UIPA)

**2. PRIORITIZATION** If burden exists, prioritize: (1) Native Hawaiian Legal Defense & Education Fund complete file (2) Annual reports showing officers/directors (3) Charity registration documents (4) Current good standing status

**3. FORMAT** (a) PDF acceptable (b) Certified copies not required unless requested (c) May produce in batches

**4. AUTHENTICATION** Business records certification under Fed. R. Evid. 803(6) and 902(11)

**5. FEES** Invoice copying fees per Hawaii Rev. Stat. § 92-21

**6. QUESTIONS** Contact: Oscar Javier Ornelas (915) 440-0044 oscar@ojotax.com

---

**NOTICE TO STATE AGENCY**

**RELEVANCE STATEMENT** These public records are directly relevant to federal litigation involving:
- Alter ego claims requiring corporate formation history
- Legitimacy of Native Hawaiian Legal Defense & Education Fund as charitable organization
- Corporate structure and control of $338 million in federal contracts
- Professional malpractice claims

**NARROW SCOPE** Requests limited to:
- Specific named entities
- Public records regularly maintained
- No creation of new documents
- Standard reports your offices generate

**PUBLIC RECORDS** Most documents requested are public under Hawaii UIPA, Hawaii Rev. Stat. Chapter 92F

**FEDERAL LITIGATION EXCEPTION** To extent any privilege claimed, federal subpoena overrides state confidentiality for relevant documents