CAUSE NO. 3:24-CV-00365-LS

| | | |
|---|---|---|
| FORTE HUMAN CAPITAL, INC. and LUIS M. GONZALEZ<br>Plaintiffs, | §<br>§<br>§<br>§ | IN THE UNITED STATES DISTRICT COURT |
| V. | §<br>§ | FOR THE WESTERN DISTRICT OF TEXAS |
| TODD SHISHIDO, PAUL KOMEIJI, GEORGE GUSMAN III, and NATIVE HAWAIIAN LEGAL DEFENSE & EDUCATION FUND (also known as the HO'OMAKA FOUNDATION)<br>Defendants. | §<br>§<br>§<br>§<br>§ | EL PASO DIVISION |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**To:** KKDLY LLC
    ATTN: ROBYN KAWAMURA
    745 FORT ST STE 2100
    HONOLULU, HAWAII 96813

***Production*:** **YOU ARE COMMANDED** to produce the documents and electronically stored information (ESI) identified in **SCHEDULE A** in accordance with **SCHEDULE B**.

| Place: | Date and time: |
|---|---|
| Via: (a) Electronic production via secure file transfer to: oscar@ojotax.com, or (b) USB drive delivered to:<br><br>**THE ORNELAS FIRM PLLC**<br>**ATTN: OSCAR JAVIER ORNELAS**<br>**219 E MILLS, UNIT 3**<br>**EL PASO, TEXAS 79940** | Not later than **OCTOBER 31, 2025,** at **12:00 pm** (Noon), Hawaii local time. |

**Objections:** Written objections must be served before the earlier of the compliance date or 14 days after service of this subpoena. Objections must be specific and not boilerplate.

**Protective Order:** Documents may be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" pursuant to any protective order entered in this matter.

**Cost-Shifting:** If compliance imposes undue burden or expense, you may seek cost-shifting under Rule 45(d)(2)(B)(ii).

**Your Rights:** The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| DUTY TO PRESERVE |
|---|
| You must preserve all potentially responsive documents and ESI immediately upon receipt of this subpoena, even if you object. |

**Date:** October 1, 2025

*[signature]*
**ATTORNEY'S SIGNATURE**

The name, address, e-mail, and telephone number of the attorney representing **FORTE HUMAN CAPITAL, INC.** and **LUIS M. GONZALEZ**, who issues or requests this subpoena, are:

The Ornelas Firm Pllc
Oscar Javier Ornelas
219 E Mills, Unit 3
El Paso, Texas 79940
Tel: 915-440-0044
Email: oscar@ojotax.com

---

## CERTIFICATION OF PRIOR NOTICE TO PARTIES

I hereby certify that pursuant to Fed. R. Civ. P. 45(a)(4), notice and a complete copy of this subpoena (including all schedules and attachments) was served on all parties on October 1, 2025 as follows

| | |
|---|---|
| Rachel C. Moreno<br>Texas Bar No. 24078321<br>Kemp Smith LLP<br>PO Box 2800<br>El Paso, TX 79999<br>Tel. 915-533-4424<br>Fax. 915-546-5360<br>Rachel.Moreno@kempsmith.com<br>Attorney(s) for Defendant(s) | __X__ E-file via Court's electronic service system<br>_____ Electronic mail<br>_____ Facsimile<br>_____ Certified/Priority Mail w/ tracking no:<br>_____ Hand Delivery/Courier (receipt attached). |
| James Brewer<br>Texas Bar No. 02965200<br>Kemp Smith LLP<br>PO Box 2800<br>El Paso, TX 79999<br>Tel. 915-533-4424<br>Fax. 915-546-5360<br>James.Brewer@kempsmith.com<br>Attorney(s) for Defendant(s) | __X__ E-file via Court's electronic service system<br>_____ Electronic mail<br>_____ Facsimile<br>_____ Certified/Priority Mail w/ tracking no:<br>_____ Hand Delivery/Courier (receipt attached). |

/s/ *Oscar Javier Ornelas*
**OSCAR JAVIER ORNELAS**
219 E Mills, Unit 3
El Paso, TX 79940
Tel. (915) 440-0044
oscar@ojotax.com
Attorney for Plaintiffs

**CAUSE NO. 3:24-CV-00365-LS**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                             *Server's signature*

                                        _____
                                            *Printed name and title*

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc:

3

**ATTACHMENT A - RULE 45(d) - PROTECTING A PERSON SUBJECT TO A SUBPOENA**

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c) ;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B) , the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**ATTACHMENT B - RULE 45(e) - DUTIES IN RESPONDING TO A SUBPOENA**

(e) Duties in Responding to a Subpoena.

    (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

        (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

        (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

        (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

        (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C) . The court may specify conditions for the discovery.

    (2) *Claiming Privilege or Protection.*

        (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

            (i) expressly make the claim; and

            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

        (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**SCHEDULE A - DOCUMENTS TO BE PRODUCED**

**IMPORTANT LIMITATIONS:**
- These requests seek only existing documents maintained in ordinary course of business
- No creation of new analyses or documents required
- Limited to specifically identified entities and individuals

**DEFINITIONS:**
- "**Forte**" means Forte Human Capital, Inc.
- "**Corporate Affiliates**" means only: Kako'o Services LLC, Kukulu LLC, Kili LLC, Akahi Associates LLC, Cornerstone Services & Solutions LLC, Kaula AE LLC, Kuhana Associates LLC, Kahua Services LLC, Akahi InGenesis Partners LLC, and Akahi Ingenesis Partners, Llc
- "**Defendants**" means Todd Shishido, Paul Komeiji, George Gusman III, and Native Hawaiian Legal Defense & Education Fund
- "**Fund**" means Native Hawaiian Legal Defense & Education Fund
- "**Relevant Period**" means January 1, 2013 through present

**1. CLIENT ENGAGEMENT RECORDS** Existing engagement letters and service contracts with: (a) Forte Human Capital, Inc. (b) Each specifically named Corporate Affiliate (c) Each individual Defendant personally (d) Luis M. Gonzalez (e) The Fund

**2. FORTE'S ACCOUNTING RECORDS (June 2020 - Present)** Existing records regularly maintained for Forte: (a) General ledgers and trial balances (monthly) (b) Financial statements (all versions maintained) (c) Journal entries with support (d) Bank reconciliations (e) QuickBooks backup files (native .QBW format) (f) Accounts receivable/payable ledgers

**3. FORTE TAX RECORDS** Existing tax records for Forte: (a) Federal returns (Forms 1120S) 2020-2024 (b) K-1s issued to shareholders (c) Workpapers supporting K-1 allocations (d) Payroll tax returns (e) Any IRS correspondence

**4. INDIVIDUAL DEFENDANTS' RECORDS (2013-Present)** If maintained by KKDLY: (a) Personal tax returns for Todd Shishido, Paul Komeiji, George Gusman III (b) K-1s received by these individuals (c) Personal financial statements prepared (d) Records of personal expenses paid by entities

**5. CORPORATE AFFILIATES' RECORDS (2013-Present)** For each specifically named Corporate Affiliate: (a) Tax returns with K-1s (b) Financial statements (c) Trial balances (d) QuickBooks files if maintained

**6. FUND RECORDS (2013-Present)** All records maintained for Native Hawaiian Legal Defense & Education Fund: (a) Any tax returns (990s or other) (b) Financial statements (c) Evidence of charitable activities (d) Distribution records

**7. GOVERNMENT CONTRACTING DOCUMENTS** Documents prepared for government contracting purposes on behalf of the Fund or Corporate Affiliates: (a) SBA Form 413 (Personal Financial Statements) (b) Financial statements for 8(a) or SDVOSB certifications (c) Size standard calculations (d) SAM.gov representations (e) DCAA submissions (f) Contract cost proposals

**8. INTERCOMPANY TRANSACTIONS (2013-Present)** Existing documentation of transactions between entities: (a) Intercompany reconciliations (b) Transfer pricing documentation (c) Management fee calculations (d) Cost allocations to Forte (e) "Administrative support" charge documentation (f) Any "COGS" or Cost of Goods Sold allocated to service companies

**9. GONZALEZ COMPENSATION (2013-Present)** (a) Forms W-2 or 1099 issued to Luis M. Gonzalez (b) Documentation comparing employee vs. Forte compensation (c) Any compensation studies performed

**10. NOVEMBER 2023 COMMUNICATIONS** All communications regarding: (a) Gonzalez's November 2023 records request (b) Instructions from Shishido to withhold records (c) Any discussions of "affiliation" issues

**SCHEDULE A - DOCUMENTS TO BE PRODUCED**

**11. OWNERSHIP DOCUMENTATION OF CORPORATE AFFILIATES** (a) Stock ledgers and cap tables (b) Documentation of ownership percentages used for K-1s (c) Evidence of actual vs. stated ownership

**12. PRIORITY PRODUCTION** If burden concerns, prioritize: (1) Forte's general ledgers and tax returns (2) Government contracting representations (3) November 2023 communications (4) Intercompany transaction documentation

**SCHEDULE B - PRODUCTION INSTRUCTIONS**

**1. ESI LIMITATIONS** Per Rule 45(e)(1)(D), you need not produce ESI from sources not reasonably accessible due to undue burden or cost. If claiming this limitation, identify sources not searched.

**2. FORMAT REQUIREMENTS** (a) QuickBooks: Native .QBW format (b) Excel: Native format with formulas intact (c) Tax Returns: Complete PDF with all schedules (d) Emails: PST or searchable PDF with attachments (e) Other: Searchable PDF or native

**3. METADATA** Preserve creation/modification dates and author information where available.

**4. PRIVILEGE LOG** For withheld documents, provide within 21 days: (a) Document identification (b) Date, author, recipients (c) Privilege asserted (d) Basis for privilege Note: Tax return preparation generally not privileged in federal court

**5. ORGANIZATION** Organize by: (a) Entity (b) Year (c) Document category

**6. AUTHENTICATION** Provide business records declaration per Fed. R. Evid. 803(6) and 902(11).

**7. INCOMPLETE RECORDS** If unavailable, explain:
- What is missing
- Why unavailable
- Who has custody
- Whether backups exist

**8. ROLLING PRODUCTION** Begin with priority documents within 14 days. Complete within 30 days or propose schedule.

**9. COST CONCERNS** If undue expense, contact counsel before incurring costs to discuss narrowing or cost-shifting.

**10. QUESTIONS** Contact: Oscar Javier Ornelas, (915) 440-0044, oscar@ojotax.com

---

**NOTICE TO KKDLY LLC**

**MAJORITY OWNER AUTHORIZATION** Luis M. Gonzalez, as 51% owner and President of Forte Human Capital, Inc., has authority to request Forte's records. Prior contrary instructions from minority shareholders do not supersede this federal subpoena.

**RELEVANCE STATEMENT** These records are directly relevant to claims of:
- Breach of fiduciary duty (intercompany manipulation)
- Fraud (misrepresented ownership and compensation)
- Alter ego liability (actual vs. stated ownership)
- Damages (diverted profits and value)

**NARROWLY TAILORED** Requests limited to:
- Specific named entities
- Existing business records
- No creation of new materials
- Proportional to $25+ million case value