UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FORTE HUMAN CAPITAL, INC. *and* LUIS M. GONZALEZ | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | |
| TODD SHISHIDO, PAUL KOMEIJI, GEORGE GUSMAN, III, *and* NATIVE HAWAIIAN LEGAL DEFENSE & EDUCATION FUND, *also known as* HO'OMAKA FOUNDATION, | § § § § § § § | EP-24-CV-00365-LS |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiffs Forte Human Capital, Inc. (Forte) and Luis Gonzalez's "Motion for Leave to File Second Amended Complaint" (ECF No. 60). The Honorable District Judge Leon Schydlower referred the motion to the undersigned Magistrate Judge for determination.[1] For the reasons that follow, the motion is **GRANTED**.

## I.    BACKGROUND

This case originated in state court. After Defendants Native Hawaiian Legal Defense and Education Fund (the Fund), Todd Shishido, Paul Komeiji, and George Gusman III removed the case to federal court, Plaintiffs filed their First Amended Complaint (ECF No. 25) in September 2025. Therein, Plaintiffs assert claims for breach of fiduciary duty (a derivative claim), quantum meruit, fraud, tortious interference with business relations, and legal malpractice.[2]

---

[1] Order Referring Mot., ECF No. 63.

[2] Pls.' First Am. Compl. at ¶¶ 12, 14, 16, 19, 20, ECF No. 25.

In late September 2025, Judge Schydlower issued a scheduling order, which set the deadline for motions to amend pleadings as December 15, 2025.[3]  In early December 2025, the parties jointly moved to extend that deadline to January 15, 2026,[4] and the judge granted their motion.[5]  The discovery deadline is April 30, 2026.[6]

In January 2026, Plaintiffs filed the instant motion.[7]  Defendant filed their response to the motion;[8] to date, however, Plaintiffs have not filed a reply.

## II.   STANDARD

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court or by consent of the adverse party.  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires."  *Id*.  This is a "generous standard," *B. A. Kelly Land Co. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369, 384 (5th Cir. 2022), and the Fifth Circuit "applies a presumption in favor of allowing pleading amendments," *CH Offshore, Ltd. v. Mexiship Ocean CCC S.A. de C.V.*, 163 F.4th 171, 182 (5th Cir. 2025) (cleaned up).  Consequently, "[t]here must be a substantial reason to deny leave to amend."  *Vuoncino v. Forterra, Inc.*, 140 F.4th 200, 207 (5th Cir. 2025).  Such substantial reasons include undue delay, bad faith or dilatory motive, undue prejudice, and

---

[3] Scheduling Order at 1, ECF No. 30.

[4] Joint Mot. to Modify Scheduling Order at 2, ECF No. 54.

[5] Text Order (Dec. 10, 2025).

[6] Scheduling Order at 2.

[7] Pls.' Mot. for Leave to File Second Am. Compl., ECF No. 60.

[8] Defs.' Resp. to Pls.' Mot. [hereinafter Defs.' Resp.], ECF No. 65.

futility of the amendment.  *Clark v. Dep't of Pub. Safety & Corr.*, 141 F.4th 653, 662 (5th Cir. 2025).

### III.  DISCUSSION

By their motion, Plaintiffs seek to amend their complaint to add several new claims. Defendants advance several arguments why the Court should deny Plaintiffs' motion: (1) untimeliness of Plaintiffs' motion; (2) forfeiture of Forte's corporate charter; and (3) futility of Plaintiffs' new claims.  Below, the Court addresses each in turn.[9]

### A.  Timeliness of Plaintiffs' Motion

Defendants point out that the deadline for the parties to file any motions to amend pleading was January 15, 2026, but Plaintiffs filed their leave motion on January 16, 2026.[10]  For that reason, Defendants argue, Rule 16's stricter standard,[11] rather than Rule 15(a)'s liberal standard, governs.[12]  And, under the Rule 16's standard, Defendants continue, Plaintiffs' motion should be denied.[13]  The Court disagrees.

Here, the electronic docket of this case reflects that Plaintiffs filed their motion electronically, using the Court's Case Management and Electronic Case Filing system.  An electronically filed document is timely if it is filed on the due date before midnight in the court's

---

[9] It is regrettable that Plaintiffs did not file a reply brief addressing Defendants' arguments.  In the interest of time, the Court addresses them—without the benefit of Plaintiffs' counterarguments.

[10] Defs.' Resp. at 1–2.

[11] *See United States of Am.* ex rel. *Gentry v. Encompass Health Rehab. Hosp. of Pearland, L.L.C.*, 157 F.4th 758, 763 (5th Cir. 2025) ("If . . . the request for leave comes after the amended-pleadings deadline has passed, Rule 16 governs.  Under Rule 16's stricter standard, a court should grant leave only when 'good cause' exists, considering (1) the movant's reason for untimely seeking leave, (2) the importance of the proposed amendments, (3) the potential prejudice to the nonmovant, and (4) whether a continuance may cure that prejudice.").

[12] Defs.' Resp. at 2.

[13] *Id.*

local time zone.  *E.g.*, *Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2015 WL 808417, at *1

n.2 (W.D. Tex. Feb. 24, 2015); *Penn v. Lucas*, No. 1:18-CV-01482-NODJ-HBK (PC), 2024 WL

991356, at *1 (E.D. Cal. Mar. 7, 2024); *see also* Fed. R. Civ. P. 6(b) (providing, for purposes of

computing a time period, that "the last day" ends "for electronic filing, at midnight in the court's

time zone").  Indeed, Section 7(c) of the Western District of Texas's *Administrative Policies and*

*Procedures for Electronic Filing in Civil and Criminal Cases* reminds litigants that "[f]iling a

document electronically . . .  must be completed *before midnight in the division* in which the case

is pending to be considered timely filed that day."[14]  And unlike other Divisions of this District,

which are located in the Central Time Zone, the El Paso Division is located in the Mountain

Time Zone.

Here, the electronic docket reflects that Plaintiffs filed their motion for leave to file

amended complaint on January 16, 2026.  The Notice of Electronic Filing[15] generated for this

filing shows that the motion was filed at 0:59 a.m. CST on January 16, 2026.  That is to say, the

motion was filed at 11:59 p.m. MST on January 15, 2026.  Therefore, Plaintiffs' motion was

timely filed.

---

[14] Admin. Policies & Procedures for Electronic Filing in Civil & Criminal Cases, § 7(c) (W.D. Tex.), https://www.txwd.uscourts.gov/cmecf/ (click "Policies & Procedures" and then click "Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases").

[15] *Id.* at § 2(h) ("'Notice of Electronic Filing (NEF)' means an electronic notice automatically generated by the Electronic Filing System at the time a document is docketed.  The NEF includes the date and time of docketing, date of filing, the name of the party and Filing User filing the document, the type of document, the text of the docket entry, and the name of the party and Filing User receiving the notice.").

**B.  Forfeiture of Forte's Corporate Charter**

Relying on § 171.252 of the Texas Tax Code, Defendants claim that Forte's corporate charter was forfeited by the Texas Secretary of State on September 5, 2025,[16] after the lawsuit was filed, and as a result, they argue, Forte does not have capacity to assert new claims.[17]  On that basis, Defendants ask the Court to deny Plaintiffs' motion for leave to file amended complaint.  Binding Fifth Circuit precedent refutes Defendants' arguments.

The capacity of a corporation to bring suit is determined by the law of the state where it is organized, Fed. R. Civ. P. 17(b)(2)—here, Texas law.[18]  Section 171.252 of the Texas Tax Code provides: "If the corporate privileges of a corporation are forfeited under this subchapter[,] the corporation shall be denied the right to sue or defend in a court of this state."  Tex. Tax Code Ann. § 171.252(1).[19]  The Fifth Circuit has held that "§ 171.252 bars corporations from filing suit only *after* they have forfeited their right to do business."  *Tex. Clinical Labs, Inc. v. Leavitt*, 535 F.3d 397, 403 (5th Cir. 2008) (emphasis in original); *accord Waterway Ranch, LLC v. City of Annetta*, 411 S.W.3d 667, 673–74 (Tex. App.—Fort Worth 2013, no pet.) ("[F]ederal and state courts have long interpreted the language . . . in section 171.252 to preclude entities only from

---

[16] Defendants submitted a document issued by the Texas Secretary of State and entitled "Forfeiture pursuant to Section 171.309 of the Texas Tax Code of Forte Human Capital, Inc."  Defs.' Resp. Ex. B, ECF No. 65-2.  The document states: "Certificate/Charter forfeited: September 05, 2025." *Id.*

[17] Defs.' Resp. at 5.

[18] Forte was organized as a Texas corporation in June 2020.  Pls.' First Am. Compl. at ¶¶ 2, 67; Defs.' First Am. Ans. to First Am. Compl. & Original Countercls. at ¶ 2 [hereinafter Defs.' First Am. Ans. & Countercls.], ECF No. 34.

[19] *See also Cognata v. Down Hole Injection, Inc.*, 375 S.W.3d 370, 376 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) ("The restriction against bringing an action in state court functions as a revenue measure, promoting the collection of state franchise taxes.").

filing a suit after forfeiting their right to do business, not to prohibit them from continuing an action filed when privileges had not been forfeited." (collecting cases)).

Thus, if a corporation has capacity to sue at the time the lawsuit is commenced, "it retain[s] capacity and will continue to do so until the suit's conclusion," even if the corporation forfeits its charter during litigation. *Leavitt*, 535 F.3d at 404. That is the scenario presented in this case insofar as Defendants do not argue that Forte forfeited its corporate charter, or otherwise lacked capacity to sue, at the time it commenced this lawsuit in August 2024.[20] Defendants' forfeiture arguments lack merit.[21]

## C. Futility

"Amending pleadings would be futile if the complaint as amended would be subject to dismissal." *Clark*, 141 F.4th at 662 (internal quotes omitted). "Futility is evaluated under the same standard[] as a dismissal under Rule 12(b)(6)." *Id.* (same). Thus, a proposed amendment is futile if it "would fail to state a claim upon which relief could be granted." *Gentry*, 157 F.4th

---

[20] Defendants cite *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870 (N.D. Tex. Apr. 12, 2004). The *Robinette* court's opinion does not mention when—before or after the lawsuit was commenced—the corporation at issue forfeited its charter under § 171.252 of the Texas Tax Code. *See id.* at *2. In any event, *Robinette* predates *Leavitt*, 535 F.3d 397.

[21] *Donald v. Rhone*, 489 S.W.3d 584 (Tex. App.—Texarkana 2016, no pet.), is further instructive. There, the lower court granted directed verdict against the plaintiffs, who were shareholders, directors, and officers of a corporation, on the grounds that the corporation's charter had been forfeited about nine months after suit was filed and remained dormant, and that Sections 171.252 and 171.253 of the Texas Tax Code prohibited the corporation from "asserting affirmative claims in a court of law or defending claims against it." *Donald*, 489 S.W.3d at 587 (brackets omitted). The appellate court disapproved, stating the "the trial court's holding fails to take into account Section 11.356 of the Texas Business Organizations Code, *a more recent statute*, which provides that a corporation terminated by forfeiture of its charter continues to exist beyond its termination for the limited purposes of prosecuting or defending, in its own name, a legal action brought by or against it, that *arose prior to the forfeiture*." *Id.* n.5 (emphasis added) (citing Tex. Bus. Orgs. Code Ann. § 11.356(a)(1)). "Under Section 11.356(a) and (c)," the appellate court explained, "a terminated corporation can function for this limited purpose for three years, though if an action is brought by or against the corporation within that three-year period, the corporation's existence can continue indefinitely until the provisions of subsection (c) are satisfied." *Id.* (citing Tex. Bus. Orgs. Code Ann. § 11.356(a), (c)).

at 763.  If, however, "a proposed amendment is not clearly futile, then denial of leave to amend is improper."  6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1487 (3d ed. Sept. 2025 update).

Plaintiffs propose to add the following new claims: (1) breach of contract, more precisely, Forte's bylaws; (2) conversion; (3) knowing participation in breach of fiduciary duty; and (4) indemnification.  Below, in assessing whether these claims would be futile, the Court limits its discussion to the specific grounds for futility that Defendants assert; it expresses no opinion as to whether the claims would be futile on other grounds.

### 1. *Breach of Contract/Bylaws*

Plaintiffs assert this claim pursuant to Article X, Section 2 of Forte's bylaws, which provides: "any shareholder of record . . . shall, upon written demand under oath stating the purpose thereof, have the right during the usual hours for business to inspect . . . the Corporation's . . . books and records."[22]  Plaintiffs allege that Defendants breached this provision by refusing Gonzalez's demand for inspection of Forte's books and records.[23]

Pointing out that § 21.218 of the Texas Business Organizations Code is specifically designed to address books and records disputes,[24] Defendants argue that a breach of contract

---

[22] Pls.' [Proposed] Second Am. Compl. at ¶ 96(a), ECF No. 60-1.

[23] *Id.* at ¶ 96.

[24] Section 21.218 the Texas Business Organizations Code provides in relevant part:

On written demand stating a proper purpose, . . . a holder of at least five percent of all of the outstanding shares of a corporation, is entitled to examine and copy . . . the corporation's books, records of account, minutes, share transfer records, and other records, whether in written or other tangible form, if the records are reasonably related to and appropriate to examine and copy for that proper purpose."

Tex. Bus. Orgs. Code Ann. § 21.218(b).

claim is "not necessary or appropriate" and therefore, that Plaintiffs' claim would be futile.[25]

Defendants' argument seems to be that Plaintiffs should have asserted a statutory claim instead

of a breach of contract claim.  Defendants, however, do not argue that § 21.218 bars Plaintiffs'

claim.[26]

Next, Defendants argue that this claim would be futile because Plaintiffs' proposed

amended complaint is devoid of any specific facts regarding the alleged date(s) on which

Gonzalez made "written demand under oath" requesting to inspect Forte's books and records in

accordance with the bylaws, "because such never occurred."[27]  Plaintiffs' proposed amended

complaint alleges that Gonzalez, as a shareholder of record, made written demands for inspection

of Forte's tax compliance, SBA compliance, and corporate finances.[28]  In applying the Rule

12(b)(6) standard, the Court may not "question the credibility of the facts pleaded" but instead

must "assume the veracity of well-pleaded factual allegations."  *Ramirez v. Escajeda*, 921 F.3d

497, 501 (5th Cir. 2019).  Moreover, Plaintiffs' failure to allege specific dates on which

Gonzalez made such written demands is not a cause for futility because "Rule 8 does not require

that level of granularity," *cf. Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th

---

[25] Defs.' Resp. at 6.

[26] *Cf. D'Arcangelo v. Funded Trader, LLC*, No. 1:23-CV-01472-DAE, 2025 WL 892974, at *8 (W.D. Tex. Feb. 18, 2025) (concluding that individual claims by plaintiff, a member of an LLC, for breach of contract and for access to the LLC's books, records, and accounting are not barred by *Ritchie v. Rupe*, 443 S.W.3d 856 (Tex. 2014)), *R & R adopted*, 2025 WL 880257 (W.D. Tex. Mar. 21, 2025); *Fish v. Tex. Legis. Serv.*, No. 03-10-00358-CV, 2012 WL 254613, at *9–*10 (Tex. App.—Austin Jan. 27, 2012, no pet.) (addressing the merits of plaintiff-partner's claim against other partners for breach of a partnership agreement that provided for access to the partnership records and books, while also mentioning § 152.212 of the Texas Business Organizations Code—which requires a partnership to provide access to its books and records to a partner—but ultimately finding that no evidence supported plaintiff's claim for breach of partnership agreement).

[27] Defs.' Resp. at 7.

[28] Pls.' Proposed Second Am. Compl. at ¶ 96(a).

301, 309 (5th Cir. 2021), and a plausible complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court grants Plaintiffs' motion as to their breach of contract/bylaws claim.[29]

## 2. *Conversion*

For this claim, Plaintiffs allege that Forte is the lawful owner of and has superior right to possession of Forte's corporate books and records, as well as its accounts receivable, but Defendants unlawfully and without authorization retained, and continue to retain, these documents.[30]  Defendants argue that Forte's corporate books and records are intangible property and therefore, Plaintiffs' conversion claim would be futile.[31]

"[G]enerally, a plaintiff may only maintain a conversion action for tangible personal property," but this general rule is subject to the "merger exception" as "when an underlying intangible right has been merged into a physical document and that document has been converted." *Bell v. Bay Area RV Parks, L.L.C.*, 722 S.W.3d 176, 211 (Tex. App.—Houston [1st Dist.] 2025, no pet.); *but see Domain Prot., LLC v. Sea Wasp, LLC*, 426 F. Supp. 3d 355, 390–92 (E.D. Tex. 2019) (noting that the Restatement (Second) of Torts "does not require that the document in which an intangible is merged into be tangible itself" and concluding that Internet domain names qualify under the merger exception and constitute property subject to an action for conversion).

---

[29] The Court has considered Defendants' remaining arguments regarding the breach of contract claim but finds them unpersuasive.

[30] Pls.' Proposed Second Am. Compl. at ¶¶ 100–06.

[31] Defs.' Resp. at 7.

Here, Plaintiffs allege a long list of Forte's books and records,[32] as well as Forte's accounts receivable.[33] Defendants do not brief how each of the listed books and records, even if intangible, would not fit into the merger exception; indeed, their "intangible property" argument spans one sentence consisting of two clauses. At most, Defendants' citation to *Robin Singh Educ. Servs., Inc. v. Test Masters Educ. Servs., Inc.*, 401 S.W.3d 95, 97 (Tex. App.—Houston [14th Dist.] 2011, no pet.), *cited in* Defs.' Resp. at 7, to state the general rule operates to explain why "[e]mail communications conducted on Forte's email system regarding corporate business"[34] may not support Plaintiffs' conversion claim insofar as the *Robin* court held that "misdirected emails are intangible" and "cannot support a conversion claim," *id.* at 98. However, the *Robin* court did not reach the issue of whether the merger exception would apply to the misdirected emails because the appellant failed to preserve the issue for appellate review by not presenting it to the trial court. *Id*.

Nevertheless, one court has held that accounts receivable fall within the merger exception permitting a conversion claim for intangible property. *Branch Banking & Tr. Co. v. HealthGrowth Credit, LLC*, No. 1:18-CV-783-RP, 2019 WL 6015317, at *5 (W.D. Tex. July 23, 2019). Thus, at a minimum, Plaintiffs' conversion claim based on Forte's accounts receivable would not be futile.

---

[32] Pls.' Proposed Second Am. Compl. at ¶ 100(c) ("<u>Corporate Books and Records</u>: i. All financial statements, general ledgers, trial balances, and accounting records created for or on behalf of Forte from 6/29/2020 through present; ii. All bank statements, canceled checks, and transaction records for all Forte bank accounts; iii. All tax returns, supporting schedules, and related documentation filed by or on behalf of Forte; iv. QuickBooks data files and accounting software records for Forte; v. All invoices, receipts, bills, and payment documentation relating to Forte's business; vi. All Board meeting minutes, resolutions, and corporate governance documents; vii. Email communications conducted on Forte's email system regarding corporate business; viii. Physical and electronic files maintained at Forte's offices; and ix. All contracts, agreements, and business records relating to Forte's operations." (underline in original)).

[33] *Id.* at ¶ 100(d) (accounts receivable).

[34] *Id.* at ¶ 100(c)(vii).

The Court grants Plaintiffs' motion as to their conversion claim.

### 3. *Knowing Participation in Breach of Fiduciary Duty*

In their First Amended Complaint, which is the live complaint, Plaintiffs assert a derivative claim for breach of fiduciary duty against the individual defendants in their capacity as Forte's directors and officers.[35]  Plaintiffs now wish to add a claim for knowing participation in breach of fiduciary duty against the Fund and hold the Fund jointly and severally liable with the individual defendants.  Specifically, in the proposed amended complaint, Plaintiffs allege that the Fund had actual knowledge of the individual defendants' breaches of fiduciary duty and the Fund knowingly participated in and substantially assisted their breaches.[36]

Relying on § 21.223 of the Texas Business Organizations Code, Defendants argue that the knowing participation claim would be futile.[37]  Subsection (a)(2) provides in relevant part that a corporation's shareholder may not be held liable to the corporation's obligees with respect to "any *contractual obligation* of the corporation or any matter relating to or arising from the obligation on the basis that the [share]holder . . . is or was the alter ego of the corporation."  Tex. Bus. Orgs. Code Ann. § 21.223(a)(2) (emphasis added).  Subsection (b), in turn, provides that Subsection (a)(2) does not prevent or limit a shareholder's liability where the shareholder "caused the corporation to be used for the purpose of perpetrating and did perpetrate an *actual fraud* on the obligee primarily for the *direct personal benefit of the holder*."  *Id.* § 21.223(b) (emphasis added).  Defendants argue that Plaintiffs' live and proposed complaints fail to make any factual allegations about "actual fraud" and "direct personal benefit" for purposes of

---

[35] Pls.' First Am. Compl. at ¶ 60.

[36] Pls.' Proposed Second Am. Compl. at ¶¶ 111–12.

[37] Defs.' Resp. at 8.

Subsection (b)—the exception to the general nonliability rule of Subsection (a)(2).[38]  For that reason, Defendants contend, the knowing participation claim would be futile.

Plaintiffs' reliance on Section 21.223 is a non-starter.  Section 21.223(a)(2) has no effect on a corporate shareholder's or officer's liability under the common law for tortious acts.  *Keyes v. Weller*, 692 S.W.3d 274, 275, 281 & n.11 (Tex. 2024); *see also id.* at 282 ("[T]he statute's focus has always been, and continues to be, on the liability of shareholders for matters relating to corporate contractual obligations—not the liability of corporate agents for their own misconduct." (citing Tex. Bus. Orgs. Code Ann. § 21.223(a)(2))).  And a claim for knowing participation in breach of fiduciary duty is a common law tort.  *See Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 574 (Tex. 1942) ("It is settled as the law of this State that where a third party knowingly participates in the breach of duty of a fiduciary, such third party becomes a *joint tortfeasor* with the fiduciary and is liable as such." (emphasis added)); *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 284 (Tex. App.—Tyler 2021, pet. denied) (A claim for knowing participation in a breach of fiduciary duty is "a derivative tort."); *see also BBVA Compass Inv. Sols., Inc. v. Brooks*, 456 S.W.3d 711, 721 (Tex. App.—Fort Worth 2015, no pet.) (A claim for breach of fiduciary duty is a tort.).  So, Defendants' Section 21.223-based arguments are beside the point.[39]

---

[38] *Id.* at 8–9.

[39] *See AHBP LLC v. Lynd Co.*, 649 F. Supp. 3d 371, 386 (W.D. Tex. 2023) ("Whether a plaintiff may pierce an entity's veil pursuant to either the alter ego theory or the sham to perpetrate a fraud theory depends on whether the plaintiff's claims sound in tort or contract.  Whereas a tort claimant may freely pierce the veil under either of these theories, a contract claimant may only pierce the veil if the defendant has also committed an actual fraud against the plaintiff for the defendant's direct personal benefit." (citing *Ogbonna v. USPLabs, LLC*, No. EP-13-CV-347-KC, 2014 WL 2592097, at *8 (W.D. Tex. June 10, 2014), and Tex. Bus. Orgs. Code Ann. § 21.223(b))); *accord Labrado v. Legarreta*, 720 S.W.3d 358, 370 n.6 (Tex. App.—El Paso 2025, pet. denied).

Next, Defendants argue that the knowing participation claim would be futile as to "Shishido."  They argue that there exists no underlying breach of fiduciary duty by "Shishido" because he was never an officer or director of Forte and therefore, has never owed fiduciary duties to Forte.[40]  It appears that Defendants meant to say Komeiji, not Shishido, because in their answer to Plaintiffs' First Amended Complaint, Defendants admit that Shishido was a director of Forte.[41]  In any event, in their respective pleadings, Plaintiffs allege that Komeiji was a director of Forte, and Defendants deny that allegation.[42]  But as mentioned earlier, in applying the Rule 12(b)(6) standard, the Court must "assume the veracity of well-pleaded factual allegations." *Ramirez*, 921 F.3d at 501.  The parties' dispute about Komeiji is better addressed on a summary judgment motion.

The Court grants Plaintiffs' motion as to their claim for knowing participation in breach of fiduciary.

### 4. Indemnification

In the indemnification claim, Gonzalez avers that pursuant to his authority as President under Forte's bylaws, he brought derivative claims in this lawsuit on behalf of Forte and that he is named as counter-defendant in Defendants' counterclaims filed in this action.[43]  Gonzalez seeks reasonable expenses incurred in this litigation pursuant to Article X, Section 1 of Forte's bylaws.[44]  That section provides:

---

[40] Defs.' Resp. at 9.

[41] Defs.' First Am. Ans. & Countercls. at ¶¶ 35, 141.

[42] *Compare* Pls.' First Am. Compl. at ¶ 35, *with* Defs.' First Am. Ans. & Countercls. at ¶ 35.

[43] Pls.' Proposed Second Am. Compl. at ¶ 114.

[44] *Id.* at ¶ 117.

> Subject to applicable statute, *any person made or threatened to be made a party* to any action, suit, or proceeding, by reason of the fact that he or she . . . is or was a director, officer, agent, or employee of the Corporation, shall be indemnified by the Corporation against the reasonable expenses, including attorney's fees, actually and necessarily incurred by him or her in connection with such an action, suit, or proceeding.[45]

Defendants argue that under this provision, Gonzalez is not entitled to indemnity for affirmative claims that he has asserted, but only for claims asserted against him for actions he took in his capacity as a director or officer of Forte.[46]

The Court's interpretation of the scope and meaning of the indemnity provision is a task for another day—perhaps on a summary judgment motion attended by fulsome briefing by both parties. For present purposes, the Court observes that Defendants assert a derivative counterclaim for breach of fiduciary duty against Gonzalez in his capacity as the sole officer of Forte.[47] According to Defendants' own interpretation of the indemnification provision, Gonzalez would be entitled to indemnity for this counterclaim, at a minimum. Therefore, the indemnity claim would not be futile.

The Court grants Plaintiffs' motion as to their indemnification claim.

## D.  Defendants' Request Regarding Scheduling Order

Defendants request that in the event that the Court grants Plaintiffs' motion, the current Scheduling Order be vacated so that Defendants may have sufficient opportunity to explore Plaintiffs' additional claims in the discovery process.[48]

---

[45] *Id.* at ¶ 62 (emphasis added).

[46] Defs.' Resp. at 9.

[47] Defs.' First Am. Ans. & Countercls. at ¶ 179.

[48] Defs.' Resp at 10.

The Court is of the opinion that Plaintiffs' new claims, which arise out of the same conduct, transaction, or occurrence as set out in Plaintiff's First Amended Complaint, do not necessitate vacating or continuing the Scheduling Order deadlines.  Indeed, the new factual allegations that Plaintiffs introduce in support of their new claims largely parallel those asserted in the First Amended Complaint—suggesting that additional discovery is not necessary for the new claims.  The Court denies Defendants' request.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 60) is **GRANTED**.

 **IT IS FURTHER ORDERED** that the District Clerk **SHALL DOCKET** Plaintiffs' Second Amended Complaint (ECF No. 60-1).

 **So ORDERED and SIGNED this  19th  day of February 2026.**

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**